

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

May 2, 2019

**BY ECF**
**Honorable Ronnie Abrams, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1506**
**New York, NY 10007**

   Re: *VSL Dokumentikos Namai v. IBT Media Inc.*
      *Docket No. 1:18-cv-09536-RA*

Dear Judge Abrams,

 Pursuant to Your Honor's October 25, 2018 Scheduling Order (Dkt. 7), Plaintiff VSL Dokumentikos Namai ("VSL") and Defendant IBT Media Inc, ("IBT") jointly submit this letter in anticipation of the Initial Pretrial Conference scheduled for 11:45 AM on May 9, 2019.

 **1.** **Brief Description of the Case**

 **Plaintiff's Perspective**

 VSL owns the copyright to mummies. The photographs were properly registered with the U.S. Copyright Office.

 IBT ran an article on its website that prominently featured the photographs. VSL did not license, give permission nor consent to publication of the photographs by IBT. Nor did VSL give anyone permission to give the photographs to IBT.

 As a direct result of IBT's infringement VSL lost the opportunity to license the photographs. VSL asserts that IBT' infringement was willful, intentional, purposeful, and in disregard or indifference to VSL's rights in the photographs.

 **Defendant's Perspective**

 Defendant's perspective is that the publisher of IBT acquired the rights to use the Photographs identified in Exhibit A to the Complaint (the "Photographs"). On or about December 9, 2016, an IBT Article was published, which concerned a press release about a research study originally published in Cell Press' *Current Biology* Journal (the "*Current Biology* Article"). *See* Dkt. 19-1. The IBT Article included a follow-up interview with one of the authors of the Current Biology Article, Dr. Anna Duggan, who is also one of the researchers on the Lithuanian Mummy Project ("Mummy Project"). *See* Dkt. 19-2.



Liebowitz Law Firm, PLLC

Pursuant to an agreement with Daumantas Liekis and Plaintiff, who provided compensation to Plaintiff in exchange for usage rights to the Photographs taken by Kiril Cachovski for researchers involved with the Mummy Project, IBT was granted the license, right, permission, authorization and consent to use the Photographs. As shown in the *Current Biology* Article, Duggan is one of the authors of the article, and the IBT Article, published by IBT, was based on an interview of Duggan, conducted by one of IBT's UK-based journalists, Lea Surugue, concerning the Current Biology Article and the Mummy Project. *See* Dkt. 19-1 and 19-2. At the time, Surugue confirmed with Duggan that the use of the images in connection with the IBT Article, which credit Cachovski and the Mummy Project, was authorized by Piombino-Mascali. *See* Dkt. 19-2 and 19-3.

Piombino-Mascali dealt with Liekis, who originally obtained the rights to the Photographs, and upon information and belief, paid for the rights to use the Photographs. Liekis then obtained the rights to the Photographs, and agreed to allow Piombino-Mascali and the other authors of the study to use the images in press releases and articles about the research on a number of occasions. *See id*.

Plaintiff filed his initial Complaint (*see* Dkt. No. 1) on October 17, 2018, wrongfully asserting that IBT infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on IBT's website while not being licensed to do so, in violation of 17 U.S.C. §§ 106 and 501. *See* Cplt. 12-14.

Plaintiff's claims are flawed. IBT disputes any claim of copyright infringement, as IBT clearly had the license to use the Photographs for the exact purpose it was authorized to use them for. Plaintiff's claims of damages is also flawed. Plaintiff was compensated for the license to use Photographs for the Mummy Project study and all related interviews and press releases in connection with same. Therefore, Plaintiff fails to meet the requirement for any of the damages claimed.

On March 19, 2019, IBT, through its undersigned counsel, sent a letter to Plaintiff's counsel with detailed information concerning IBT's license defense. *See* Dkt. 19-4. IBT expected the Complaint to be withdrawn once Plaintiff understood the circumstances as a prior complaint against Elsevier regarding Mummy images published in connection with its publication of Cell Press' *Current Biology* Journal had been withdrawn, albeit without prejudice. We understand that National Geographic Magazine and the NY Times also published Photographs concerning this study.

Thereafter, on April 29, 2019, IBT filed its Answer and pled affirmative defenses to Plaintiff's claims, including that Plaintiff fails to state a claim because IBT did not engage in any of the conduct set forth in the Complaint; that IBT had the license, right, permission, authorization and consent to use the Photographs; that the claims are barred in whole or in part based on the doctrine of waiver, estoppel, and/or acquiescence; that to the extent any copyright had been infringed, IBT's actions were innocent and non-willful; that Plaintiff is not entitled to an award of attorney's fees or statutory damages under the copyright Act; and to the extent Plaintiff does not own a valid copyright registration, he fails to state a claim upon which relief can be granted.


2. **Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has personal jurisdiction over the Defendant because the Defendant is a domestic LLC organized under New York law, and resides with its primary office and place of business and is transacting business in this Judicial District. Venue is also proper in this District pursuant to 28 U.S.C.§1391(b).

3. **Contemplated Motions**

**Plaintiff**

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on liability for copyright infringement.

**Defendant**

Defendant may make discovery and/or substantive motions in the future, as warranted.

4. **Discovery**

**Plaintiff's Perspective**

No Discovery has taken place. Since the Plaintiff is entitled to either his damages or Defendant's profits on the copyright infringement claim, he would like to see discovery that establishes the image sourcing, expenses saved, profits reaped, and willfulness.

**Defendant's Perspective**

No Discovery has taken place.

5. **Prospect for Settlement**

The parties have discussed settlement however they are far apart and will continue settlement discussions during discovery.

**Defendant's Perspective**:
IBT believes that a settlement would be possible if Plaintiff would proffer a reasonable offer in light of the fact that IBT had the license and authorization to use the Photographs in its Article. There was an impasse due to Plaintiff's refusal to accept a more than reasonable final offer of $2250, with no explanation as to why Plaintiff's demand was a high as $5,000 before we were retained and recently lowered to $3500. The offer to settle at $2250 was conditioned on resolving the matter prior to preparing IBT's Answer and appearing in court. Despite detailing to Plaintiff's counsel the relationship between the article, the interview and the Mummy Project, for

Liebowitz Law Firm, PLLC

which the license was granted to use the Photographs for, Plaintiff has not reasonably cooperated.

**6) Trial-**

7) The parties want a jury trial and estimate a 1-2 day jury trial.

Respectfully Submitted,

| | |
|---|---|
| By: /s/ Richard P. Liebowitz<br>Richard P. Liebowitz. Esq.<br>Liebowitz Law Firm, PLLC<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, NY 11580<br>(516) 233-1660<br>RL@LiebowitzLawFirm.com<br>*Attorneys for Plaintiff* | By: /s/ Nancy E. Wolff<br>Nancy E. Wolff, Esq.<br>Cowan, DeBaets, Abrahams & Sheppard LLP<br>41 Madison Avenue, 38th Floor<br>New York, New York 10010<br>(212) 974-7474<br>nwolff@cdas.com<br>*Attorneys for Defendant* |